Tbe opinion of tbe Court was delivered by .
Whitnek, J.
In tbe return to tbe rule, tbe sheriff states “that tbe funds in bis bands arose from tbe sale of tbe goods in store belonging to Byrd & Louis, copartners in trade,” and bis excuse for declining to pay over tbe money to tbe plaintiff conceded to be tbe senior execution creditor, is, that be received in May last a written notice from J. H. Oppenbeim, alleging himself to be a creditor of tbe firm of Byrd & Louis, not to pay these funds to tbe individual debts of "W. E. Byrd, and in August last a verbal -notice to tbe same effect. By reference to tbe proceedings in tbe sheriff’s office, it appears further that the interest of Byrd in tbe store was levied on and sold as a whole, and purchased by tbe partner, Louis, from whom tbe money was received.
Tbe rule is, where, contests arise between parties claiming a fund in tbe bands of a sheriff, often a mere stakeholder, in cases of doubt to leave tbe parties to litigate and determine tbeir rights otherwise than by rule against tbe sheriff. Dawkins vs. Pearson, 2 Bail. 619. There is a manifest propriety often in extending tbis rule so as to include outstanding equities, subject, however, to reasonable limits and restraints. Tbe summary remedy by attachment should be used to enforce tbe judgment of tbe Court, in every instance where tbe refusal of tbe officer savors at all of contempt. In tbe case before us, tbe plaintiff’s rights, established by solemn judgment, are opposed by one known to tbe Court upon bis mere allegation *122 that be is a creditor of tbe firm. Months have elapsed since his interposition, and to this day he has not thought proper in any formal or solemn manner to verify his superior right. Ample time has been thus afforded him to invoke the aid of a proper tribunal. Yexatious delays and increased expense should not be imposed, and we think that a just regard to the rights of the plaintiff, and the duties of the officer in obeying the mandate of the Court, sanction the coercive remedy sought by the rule against the sheriff; The motion of appellant should, therefore, prevail; and the order on circuit discharging the rule is accordingly rescinded. It is now ordered that the rule . against the sheriff T. D. Frierson, in this case, be made absolute, and that an attachment do issue, unless the moneys in his hands, applicable to the case of this plaintiff, be paid over forthwith.
O’Neall, Wardlaw, Withers, and Muhro, JJ., concurred.

Motion granted.